UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LATONYA TANIOS AND**          **CIVIL ACTION NO: CV-09-888**
**KELLEE BOWIE**

**VERSUS**

**MARC TABOR, VERNON SCOTT,**
**MERLIN BROUSSARD, THE CITY**
**OF BATON ROUGE AND**
**REGINALD R. BROWN, SR.**

## COMPLAINT

**LATONYA TANIOS,** a resident of the Parish of East Baton Rouge, State of Louisiana, residing at 17469 Beckfield Avenue, Baton Rouge, Louisiana, and **KELLEE BOWIE,** a resident of the Parish of East Baton Rouge, State of Louisiana, residing at 1854 Stanocola Drive, Baton Rouge, Louisiana, 70807 with respect represent:

**1.**

This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to Plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the law and statutes of the State of Louisiana under the Court's supplemental jurisdiction (28 USCA § 1367).

**2.**

The Court has jurisdiction of this matter under 28 USCA § 1331 and/or 28 USCA § 1343.

**3.**

Venue is proper in this district under 28 USCA § 1391(b).

**4.**

At all times mentioned, Reginald R. Brown, Sr. was the duly elected Constable of the City of Baton Rouge.

**5.**

At all times mentioned herein, Defendants Marc Tabor, Vernon Scott, and Merlin Broussard were duly commissioned and presently acting officers in the Constable's Department of the City of Baton Rouge.

**6.**

At all times material to this Complaint, Defendants Marc Tabor, Vernon Scott, and Merlin Broussard were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of Baton Rouge and State of Louisiana.

**7.**

Defendants Tabor, Scott, and Broussard separately and in concert, conspired to engage in the illegal conduct herein mentioned to the injury of Plaintiffs and deprived Plaintiffs of their rights, privileges, and immunities secured to the Plaintiffs by the Fourth and Fifth Amendments to the Constitution of the United States and the laws of the United States in violation of 42 USCA § 1983 and § 1985 through the following actions:

**8.**

On October 30, 2008, Officers Marc Tabor and Vernon Scott arrested Latonya Tanios and Kellee Bowie, who were employed by Louisiana Technical College working as instructors at Baton Rouge Community College ("BRCC") located at 555 Julia Street, Baton Rouge, Louisiana, for allegedly violating Sec 13:108.2 of the Code of Ordinances, City of Baton Rouge, Louisiana.

**9.**

Their arrest followed an altercation between two students that allegedly occurred on October 28, 2009 at BRCC. The narrative report filed by Sergeants Vernon Scott and Marc Tabor and Deputy Merlin Broussard alleged that Plaintiffs interfered with Deputy Broussard's ability to identify and detain the participants in the fight by failing to identify them for the officers when questioned about the event.

**10.**

In truth and in fact, Ms. Tanios was not a witness to an altercation and Ms. Bowie was not questioned initially as to the participants in the altercation, and both Ms. Tanios and Ms. Bowie were at all times cooperative throughout the process of the investigation. In fact both Ms. Tanios and Ms. Bowie wrote thorough and complete statements of what each witnessed on October 29, 2009.

**11.**

Even though Ms. Tanios and Ms. Bowie were not guilty of any criminal offense, Sergeants Scott and Tabor, after consultation with Deputy Broussard, came to Baton Rouge Community College on October 30, 2009, arrested Ms. Tanios and Ms. Bowie,

placed them in handcuffs and marched them through the school to an awaiting police unit where they were transported to the city jail and detained for several hours before being released after being given a misdemeanor summons.

**12.**

Without the consent of Latonya Tanios or Kellee Bowie, the Defendants intentionally, harmfully, and offensively touched Ms. Tanios and Ms. Bowie by handcuffing them.

**13.**

On October 30, 2009, Sergeant Tabor gave an interview to Channel 9 wherein he accused Ms. Tanios and Ms. Bowie of lying, dishonesty, and deceit. He suggested they were involved in the coverup of a crime.

**14.**

Latonya Tanios and Kellee Bowie were arraigned on March 16, 2009 where they pled not guilty to the alleged criminal conduct.

**15.**

When Ms. Tanios appeared for trial on August 21, 2009, the city prosecutor dismissed all charges against her after determining there was no factual basis for the charge.

**16.**

When Ms. Bowie appeared for trial on September 21, 2009, the city prosecutor dismissed all charges against her after determining there was no factual basis for the charge.

**17.**

The charges brought forth were not based upon probable cause, that is, the state of the facts in the mind of a neutral prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that the Plaintiffs were guilty of committing a criminal offense.

**18.**

Defendants Tabor, Scott, and Broussard did initiate and maintain their actions without probable cause and with the intent to cause Plaintiffs emotional distress and make an example of them.

**19.**

Additionally, Defendants Tabor, Scott, and Broussard intentionally and deliberately inflicted emotional distress on Plaintiffs by abusing the lawful process by unlawful purpose, by violating Plaintiffs' constitutional rights, and causing unsubstantiated allegations to be broadcast in the local media.

**20.**

Defendants Tabor, Scott, and Broussard knew or should have known that emotional distress was the likely result of their conduct because it was so outrageous.  Additionally, the conduct demonstrated by these Defendants was motivated by an evil motive or intent and was done with reckless indifference to Plaintiffs' protected rights.

**21.**

Additionally, Defendants Tabor, Scott, and Broussard's conduct in the performance of their duties as Deputy Constables was negligent and/or grossly negligent.

**22.**

Defendants Tabor, Scott, and Broussard separately and in concert, acted outside the scope of his jurisdiction and without authorization of law and each of the Defendants, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their right to:

a.  Freedom from unlawful arrest;

b.  Freedom from illegal detention/and confinement;

c.  Freedom from malicious prosecution;

d.  Freedom from physical abuse, coercion and intimidation;

e.  Freedom from excessive force;

f.  Equal protection under the laws; and

g.  Equal privileges and immunities under the law.

**23.**

Additionally, Latonya Tanios and Kellee Bowie suffered extreme embarrassment, anguish, and distress from:

a.  Being arrested and placed in handcuffs at the school where they had taught for many years;

b.  The broadcast of the events referred to above on television;

c.  The interview given by Sergeant Marc Tabor;

d.  The process of being arraigned in Court and the prospect of going through a trial to maintain their innocence;

e.  Being suspended from employment without pay;

f.  Latonya Tanios was unable to participate in her ministry;

g. Interruption of Kellee Bowie's business relationships;

h. Being searched, processed, and incarcerated without explanation as to the charges against them; and

i. other acts and occurrences to be shown hereafter.

**24.**

As a result of the above acts and omissions, Latonya Tanios has sought and obtained medical treatment related to:

a. Anxiety;

b. High Blood Pressure;

c. Depression;

d. Panic Attacks; and

e. Other injuries to be shown hereafter for which she seeks general damages under the laws of The United States and the General Tort Law of the State of Louisiana.

**25.**

As a result of the above acts and omissions, Kellee Bowie has sought and obtained medical treatment related to:

a. Anxiety;

b. Extreme Emotional Stress and Distress;

c. Depression;

d. Panic Attacks; and

e. Other injuries to be shown hereafter for which she seeks general damages under the laws of The United States and the General Tort Law of the State of Louisiana.

### 26.

The special damages sustained by Latonya Tanios and Kellee Bowie include but are not limited to:

a. Loss of wages, benefits, vacation, and sick leave;

b. Medical expenses, past and future;

c. Fees spent retaining an attorney to represent them in the criminal proceeding;

d. Expunging records related to their arrest; and

e. Other special damages to be shown hereafter.

### 27.

Plaintiffs seek punitive damages based on the Defendants' conduct described above.

### 28.

Plaintiffs seek attorney fees based on the Defendants' conduct described above pursuant to 42 USCA § 1988.

### 29.

As to the various state law claims being asserted herein, Reginald R. Brown, Sr. and the City of Baton Rouge is liable with Defendants Tabor, Scott, and Broussard jointly, severally, and in solido under Civil Code Articles 2315, 2316, 2317 and 2320.

**WHEREFORE, PLAINTIFFS LATONYA TANIOS AND KELLEE BOWIE** pursuant to 42 USCA § 1988 demands Judgment against Marc Tabor, Vernon Scott, and Merlin Broussard jointly, severally and in solido for actual, general, special, and compensatory damages in the amount of One Hundred Thousand and 00/100 ($100,000.00) Dollars each, attorney fees plus punitive damages in the amount of Two Hundred Fifty Thousand and 00/100 ($250,000.00) Dollars each.  Plaintiffs Latonya Tanios and Kellee Bowie further demand Judgment against Marc Tabor, Vernon Scott, Merlin Broussard,The City of Baton

Rouge, and Reginald R. Brown, Sr. jointly, severally, and in solido in the amount of One Hundred Thousand and 00/100 ($100,000.00) Dollars each on their state law claims, plus the costs of this action, prejudgment interest claims, attorney fees and such other relief deemed to be just and equitable.

**RESPECTFULLY SUBMITTED:**

**THE MAUGHAN LAW FIRM, LLC**

*s/ Roy H. Maughan, Jr.*
**ROY H. MAUGHAN, JR., #17672**
**NAMISHA D. PATEL, #31911**
**634 CONNELLS PARK LANE**
**BATON ROUGE, LOUISIANA 70806**
**TELEPHONE: (225) 92608533**
**FAX: (225) 926-8556**
*Attorneys for Latonya Tanios and Kellee Bowie*