**Elaine Wallace**

| | |
|---|---|
| **From:** | Jennifer_Rogers@laed.uscourts.gov |
| **Sent:** | Thursday, November 11, 2010 6:11 PM |
| **To:** | James Hilburn; Elaine Wallace; jlhilburn@bellsouth.net; npatel@maughanlaw.com; rmaughanjr@maughanlaw.com; npatel@maughanlaw.com; sdunaway@maughanlaw.com |
| **Cc:** | Susan_Adams@laed.uscourts.gov; Pam_Radosta@laed.uscourts.gov; Docia_Dalby@lamd.uscourts.gov; jennifer_rogers@laed.uscourts.gov |
| **Subject:** | 09cv888.Tanios.Order.Motions.Limine.11-10-10.pdf |
| **Attachments:** | RUSH.MDLA.09cv888.Tanios.Order.Motions.Limine.11-10-10.pdf |

Counsel - See the attached order.  It should be docketed sometime tomorrow (Nov. 12) morning.

Jennifer D. Rogers
Career Law Clerk to Judge Kurt D. Engelhardt
U.S. District Court for the Eastern District of Louisiana
Section N
500 Poydras Street, Room C-367
New Orleans, LA 70130
Jennifer_Rogers@laed.uscourts.gov
Chambers Telephone: 504-589-7645
Chambers Fax: 504-589-4457 (call first if 10+ pages)
Chambers Email: eFile-Engelhardt@laed.uscourts.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LATONYA TANIOS AND<br>KELLEE BOWIE | CIVIL ACTION |
| | NO. 09-888 |
| VERSUS | |
| MARC TABOR, ET AL | JUDGE ENGELHARDT ("N")<br>MAGISTRATE JUDGE ROBY (4) |

## O R D E R

Based on additional information received from counsel for the parties, **IT IS ORDERED** that Defendants' motion in limine (Rec. Doc. 50) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion in limine (Rec. Doc. 49), relative to the issue of probable cause for Plaintiffs' October 30, 2008 arrests, is **GRANTED**. The parties' submissions reflect some disagreement regarding the definition of the word "screening" as it is used in Section 13:108.2 of the City of Baton Rouge/Parish of East Baton Rouge Code of Ordinances. Regardless of whether "screening" encompasses the withholding of information from law enforcement personnel under certain circumstances, Defendants' opposition memorandum fails to demonstrate what action or inaction by Plaintiffs that the arresting personnel could have reasonably believed, at the time of the October 30th arrest, violated Section 13:108.2. Rather, Defendants' opposition memorandum refers generally to the attached 97-page deposition transcript of Lieutenant Vernon Scott, but provides no citations to particular pages or lines of the transcript. The Court is not in a position to search through such voluminous documents for evidentiary support

for a party's position on an important issue, and particularly not the week before trial is to commence. Accordingly, on the showing made, the Court concludes that probable cause did not exist for Plaintiffs' October 30, 2008 arrests.

New Orleans, Louisiana, this <u>10th</u> day of <u>November</u> 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

2