UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATONYA TANIOS AND** <br> **KELLEE BOWIE** <br><br> **VERSUS** <br><br> **MARC TABOR, ET AL** | **CIVIL ACTION** <br><br> **NO.   09-888-A-M1** |

### DEFENDANTS' PROPOSED CONCLUSIONS OF LAW

**NOW INTO COURT**, through undersigned counsel, come defendants, City of Baton Rouge, Marc Tabor, Vernon Scott, Merlin Broussard, and Reginald R. Brown, who submit the following proposed conclusions of law:

1.

Under local law, City of Baton Rouge and Parish of East Baton Rouge Ordinance 13:108.2, *Interference with constable or police officer, or emergency medical technician or firefighter*, states:

(a)   It shall be unlawful for any person to interfere with the constable or any member of the police office or sheriff's office or any emergency medical technician or any firefighter in the discharge of his duties by abuse, force, or threatening language, or in screening from him the object of his search.

2.

Probable cause existed for each plaintiff's arrest for interfering with the constables' investigation by helping conceal the objects of their search, namely a crime victim with unknown injuries and the perpetrator.

1

3.

Probable cause for arrest exists when facts and circumstances within the knowledge of the arresting officer and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *State v. Raheem,* 464/293 (La. 1985). The crucial determination in regard to the absence of probable cause is whether the defendant had an honest and reasonable belief in the guilt of the plaintiff at the time charges were pressed. *Brimmer v. A. Copeland Enterprises, Inc*., 609 So.2d 847 (La. App. 5 Cir. 1992), writ denied, 616 So.2d 682 (La. 1993).

4.

There is no cause of action for false arrest under section 1983 unless the arresting officer lacked probable cause. *Brown v. Bryan County, OK*, 67 F.3d 1174, 1180 (5th Cir. 1995). Probable cause is a defense to a section 1983 claim based on an alleged false arrest. *Mangieri v. Clifton*, 29 F. 3d 1012, 1017 (5th Cir. 1994). It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest insulating the initiating party. *Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994). Even police officers who reasonably but mistakenly conclude that probable cause is present are entitled to qualified immunity. *Mangieri*, supra; *Hunter v. Bryant*, 502 U.S. 224, 225, 112 S.Ct. 534, 536 (1991). Once probable cause to arrest exists, the motive for the arrest is immaterial. *Hunter v.*

*Clardy*, 558 F.2d 290 (5th Cir. 1977).  The Constitution does not guarantee that only the guilty will be arrested, for if it did, section 1983 would provide a cause of action for every defendant acquitted and every suspect released. *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) quoting *Baker v. McColan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979).

5.

It is respectfully submitted that probable cause clearly existed for the issuance of the misdemeanor summonses to the plaintiffs for violating Ordinance 13:108.2.

6.

With respect to plaintiffs' allegations of defamation, defendants are entitled to the defenses of truth of the alleged defamatory communication, the absence of malice, actual or implied, the privilege of furthering a public purpose or interest, and it constituted fair comment on a matter of public concern.

7.

With respect to plaintiffs' claims of invasion of privacy, the defendants show that their actions were reasonable and did not seriously interfere with plaintiffs' privacy interests, if any such interests exist.

8.

Further, the constables are entitled to qualified immunity for their actions.

9.

If the Court finds that the plaintiffs have proven their respective claims, the Court must then consider the defendants' defense that their conduct was objectively reasonable in

light of the legal rules clearly established at the time of the incident in issue and that the defendants are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, the Court finds from a preponderance of the evidence that plaintiffs have proven either (1) that the defendants were plainly incompetent or that (2) they knowingly violated the law regarding the plaintiffs' constitutional rights, the Court must find for the plaintiff.  If, however, the Court finds that the defendants had a reasonable belief that their actions did not violate the constitutional rights of the plaintiffs, then the Court cannot find them liable even if the plaintiffs' rights were in fact violated as a result of the defendants' objectively reasonable action.

## LIABILITY OF CONSTABLE MAJOR BROWN

The plaintiffs claim that Baton Rouge City Constable Major Reginald Brown, Sr. is liable for the alleged constitutional deprivations.

Neither a supervisory official or a municipality may be held liable pursuant to section 1983 under a theory of respondeat superior. *Lozano v. Smith*, 718 F. 2d 756, (5th Cir. 1983); *Benavides v. County of Wilson*, 955 F. 2d 968, 972 (5th Cir. 1992), *cert. denied*, 506 U.S. 824, 113 S.Ct. 79 (1992).  To be liable under section 1983 a person must either be personally

involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the acts of the person and the constitutional violation sought to be addressed. *Lozano, supra*.

Constable Brown played no part in plaintiffs' arrests. Since Constable Brown had no personal involvement he cannot be held liable.

In addition, since the officers acted properly and did not violate plaintiffs' constitutional rights, plaintiffs cannot show a causal connection between Brown's conduct and the alleged constitutional violations. Therefore, judgment in favor of Constable Brown is proper.

For these reasons this suit should be dismissed.

**WHEREFORE**, defendants, City of Baton Rouge, Marc Tabor, Vernon Scott, Merlin Broussard, and Reginald R. Brown, Sr., pray that Defendants' Proposed Conclusions of Law be deemed good and sufficient.

By Attorneys:
**MARY E. ROPER**
**Parish Attorney**

**/s/ James L. Hilburn**
**James L. Hilburn, T.A. (#20221)**
**Senior Special Assistant Parish Attorney**
**10500 Coursey Blvd., Suite 205**
**Baton Rouge, LA 70816**
**Telephone: (225) 389-8730**
**Facsimile:  (225) 389-8736**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LATONYA TANIOS AND
KELLEE BOWIE

VERSUS

MARC TABOR, ET AL

CIVIL ACTION

NO.   09-888-A-M1

## CERTIFICATE

**I HEREBY CERTIFY** that a copy of the foregoing Defendants' Proposed Conclusions of Law was this date electronically filed with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system to Mr. Roy H. Maughan, Jr., **THE MAUGHAN LAW FIRM, L.L.C.**, 634 Connells Park Lane, Baton Rouge, Louisiana 70806.  Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana, this **17th**   day of **November**, 2010.


/s/ James L. Hilburn
JAMES L. HILBURN