UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATONYA TANIOS AND KELLEE BOWIE** | **CIVIL ACTION NO: CV-09-888** |
| **VERSUS** | **DISTRICT JUDGE KURT D. ENGELHARDT** |
| **MARC TABOR, VERNON SCOTT, MERLIN BROUSSARD, THE CITY OF BATON ROUGE AND REGINALD R. BROWN, SR.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

_____

### MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR AWARD OF ATTORNEYS' FEES
_____

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Latonya Tanios and Kellee Bowie, who submit the following memorandum in support of motion to enforce settlement agreement and for award of attorneys' fees:

### BACKGROUND FACTS

This matter was scheduled for trial before the Honorable Judge Kurt D. Engelhardt on November 18, 2010. However, immediately prior to the trial, an agreement was made to settle the case which was confirmed with the Court. **See Doc. 80 and 102.** On November 17, 2010, after being advised of the settlement agreement, this Court entered an Order dismissing the Plaintiffs claims except Plaintiffs' claims for attorneys' fees and cost. **See Doc. 80.** The Order was entered into without prejudice with the right for Plaintiffs to re-open the case if the settlement agreement was not consummated. **See Doc. 80.** On November 23, 2010, in anticipation of the first settlement being concluded, Plaintiffs filed a Motion for Attorneys' Fees. **See Doc. 91.** On January 4, 2011, the Court asked Plaintiffs to supplement their Motion for Attorneys' Fees with additional documentation (**See Doc. 96**) which Plaintiff filed on January

18, 2011. **See Doc. 98.** It is crucial to note that Defendants did not oppose the Motion for Attorney Fees nor was any opposition filed by Defendants in the record.

When the settlement was not paid by the Defendants, Plaintiffs filed a motion to re-open the case. Although enforcement of this settlement agreement was urged, Magistrate Roby felt the settlement agreement could not be enforced against Defendants because it was not confirmed in writing. On March 15, 2011, the Motion to Vacate the Order of Dismissal was granted because the parties have failed to consummate the settlement agreement within sixty (60) days of the Order for Partial Dismissal. **See Doc 92 and 103.** Plaintiffs request for attorneys' fees was dismissed without prejudice pending a final resolution of the case.

On March 18, 2011, a second verbal agreement to settle the case was made upon the same terms as the original agreement and this second agreement was confirmed in writing. **See Exhibit 1, 2, and 3.** On March 22, 2011, Plaintiffs' counsel received correspondence from Defendants' counsel James Hilburn, stating that settlement proceeds (with the exception of attorneys' fees) would be processed within the upcoming week. **See Exhibit 1.** On April 19, 2011, undersigned counsel received copies of the receipt and release for Mrs. Tanios and Mrs. Bowie. **See Exhibit 2 and 3.** However, Defendants have yet paid the agreed upon settlements. The written settlement agreement was for the amount of $36.000.00 for Plaintiff, Latonya Tanios, and $28,000.00 for Plaintiff, Kellee Bowie. Plaintiffs move the Court for judgment against Marc Tabor, Merlin Broussard, Vernon Scott, Reginald Brown, and the City of Baton Rouge in accordance with the settlement agreement and re-urge their Motion for Attorney's fees.

**LAW AND ARGUMENT**

   **A. The Settlement Agreement Should be Enforced.**

A "settlement" agreement must be equated with compromise in connection with the rules governing compromise. *Townsend v. Square*, 643 So. 2d 787 (La. App. 4th Cir., 1994). Louisiana Civil Code article 3071 states, "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." A compromise will be deemed valid if there is a meeting of the minds of the parties as to exactly what they intended when the compromise was reached. *Pat O'Brien's Bar, Inc. v. Franco's Cocktail Prods., Inc.,* 615 So.2d 429 (La.App. 4th Cir.1993), *writ denied,* 617 So.2d 909 (La.1993). A writing is the only requirement necessary to show a compromise and the intent of the parties. *Audubon Ins. Co. v. Farr,* 453 So.2d 232, 234 (La.1984).

On March 18, 2011, Plaintiffs and Defendants agreed to consummate the prior settlement agreement and this agreement was reduced to writing. **See Exhibit 1, 2, and 3.** The settlement agreement is valid and legally enforceable against all Defendants because the writings express an agreement to settle and the specified amounts to be paid to each Plaintiff. Counsel for Defendants has even stated on numerous occasions that the proceeds due for the settlement would be processed and delivered. Nevertheless, each promise has gone unfulfilled and no money has been paid. Because the written agreement to settle is legally binding upon Marc Tabor, Vernon Scott, Merlin Broussard, Reginald Brown and the City of Baton Rouge, this Court should enforce the terms of the agreement and enter judgment in favor of Plaintiff, Latonya Tanios, and against Defendants, Marc Tabor, Vernon Scott, Merlin Broussard, Reginald Brown, and the City of Baton Rouge for the sum of $36,000.00, and enter judgment in favor of Plaintiff,

Kellee Bowie, and against Defendants, Marc Tabor, Vernon Scott, Merlin Broussard, Reginald Brown, and the City of Baton Rouge for the sum of $28,000.00. Should the Court find the agreement invalid against the City of Baton Rouge for any reason, i.e. approval of the Metropolitan Council, then it should still be enforced against the non-government defendants.

### B. Plaintiffs' Attorneys' Fees are Reasonable and Should be Awarded.

42 U.S.C.A. § 1983 allows for recovery of reasonable attorney's fees by a prevailing plaintiff, which may be awarded on a discretionary basis so long as the plaintiff achieves some clear success on a significant issue within the § 1983 context. *Lyte v. Sara Lee Corp.,* 950 F.2d 101, 103 (2d Cir.1991) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983)). The award of attorney's fees is highly encouraged as a policy to provide incentive for attorneys to take on cases that may cure or deter constitutional and statutory violations yet not engender large damages awards. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 417, 422, 98 S.Ct. 694, 698, 701, 54 L.Ed.2d 648 (1978). Attorneys' fees in civil rights actions may be calculated using the "lodestar" method, which determines the number of compensable hours multiplied by a determined hourly rate based on the prevailing market rate for the community or jurisdiction in question. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 323-24 (5th Cir.1995); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974).

In the settlement agreement reached between Plaintiffs and Defendants it was agreed that attorney's fees are due to the Plaintiffs in addition to the settlement amounts agreed upon. The only question was as to the amounts which were to be set by the Court. Defendants' counsel has stated the hourly rates were reasonable. Plaintiffs' previously filed a Motion to Award Attorney's fees which was unopposed by Defendants. Because of difficulties

consummating the settlement agreement, Plaintiffs were forced to file a Motion to Vacate the Order of Dismissal and subsequently, Plaintiffs' Motion for Attorneys' Fees was dismissed without prejudice with the option to re-file the Motion to Award Attorney's Fees once the case concluded. Throughout this process no opposition to the award or amount of attorney's fees has been filed by Defendant's.

It is crucial to note that Defendants have not opposed the Motion for Attorney Fees and have acknowledged that in fact the hourly rates are reasonable. Nevertheless, out of the abundance of caution, Plaintiffs, further aver that under the "lodestar" factors that their attorneys' fees are reasonable. The factors usually considered in determining a reasonable fee are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The time and labor involved in this matter were extensive due to the novelty and difficulty of handling a claim arising out of 42 USC § 1983, along with the supplemental state claims which limited other cases that Plaintiffs lawyers would have accepted. This matter was not settled until the eve of trial and Plaintiffs were requested to prepare fully for the trial, which included the review of all deposition transcripts, meeting with and interviewing witnesses, preparing outlines for questioning witnesses, preparation of jury instructions, stipulations of facts, motions in limine, in addition to preparation of pre-trial briefs, etc. Plaintiffs' counsel

have attended several hearings and meetings in the Eastern District of Louisiana when the case was transferred in addition to the time required to handle the case. Further, Plaintiffs were the prevailing parties in this action against the deputy constables and the City of Baton Rouge for violation of the Plaintiffs' constitutional rights. In addition, there were stringent time limitations set by the Court which each party was required to meet. Plaintiffs' counsel met every deadline in preparation of trial. Plaintiffs' counsel spent numerous hours attending settlement conferences held in New Orleans and Baton Rouge. Additionally, the hours incurred handling the case have been multiplied because of all the effort related to settlement preparation. Defendants have greatly increased the costs of attorneys' fees expended by the Plaintiffs in this matter due to Defendants refusal to honor their first agreement to settle, failure to honor their second agreement to settle, and by requiring, without explanation, the need to enforce the Defendants agreement in this motion.

Plaintiffs' counsel billed at the following rates: (1) Roy H. Maughan, partner at Maughan Law, charged $200.00 per hour; (2) Namisha Patel, associate attorney at Maughan Law, charged $150.00 per hour; (3) Carrie Strouder, associate attorney at Maughan Law, charged $150.00 per hour; (4) Law Clerks were billed at $60.00 per hour; and (5) Paralegals were billed at $75.00 per hour. **See Doc. 91 and 98.** The rates that the attorneys for Plaintiffs charged in this case are the attorneys' normal hourly rate and are customary hourly rates for lawyers and other staff in this type of case. Defendants concede the hourly rates are reasonable in comparison to the prevailing market rate in the local community for legal services and fee awards of this type of matter by attorneys with comparable skills and experience. Because all fees billed by undersigned counsel were reasonable and customary for this type of action, Plaintiffs request that their Motion for Award of Attorneys' Fees be granted. Affidavits setting

for the experiences and qualification of each person who worked on the case are attached to this motion as **Exhibit 4 through 7** as well as the latest bill calculated to date as **Exhibit 4-A.**

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Enforce Settlement Agreement should be granted. Further, Plaintiffs' Motion for Attorneys' Fees should be granted because the attorneys' fees are reasonable and Defendants' have consented to the award.

        **RESPECTFULLY SUBMITTED:**
        **MAUGHAN LAW FIRM**

        *s/ Roy H. Maughan, Jr.*              .
        **ROY H. MAUGHAN, JR., #17672**
        **NAMISHA D. PATEL, #31911**
        **634 CONNELL'S PARK LANE**
        **BATON ROUGE, LOUISIANA 70806**
        **TELEPHONE: 225-926-8533**
        **FAX: 225-926-8556**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

        *s/ Roy H. Maughan, Jr.*              .
        **ROY H. MAUGHAN, JR.**